ORIGINAL

RECEIVED

2005 MAY -4  A 10: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

NEWNAN DIVISION

FILED IN CHAMBERS
11-8-89
Luther D. Thomas, Clerk

By: R. WALKER

Deputy Clerk

UNITED STATES OF AMERICA

v.

FRED LEE DAVIDSON /
SANTIAGO GUTIERREZ 2
WILLIE JOE TUCKER 3
ROBERT L. HUBBARD 4
JOHNNY LOUIS JOHNSON 5
MELBA ROBERTS 6
ALTON SCROGGINS 7
BRADFORD ALLEN WESTON 8
MAURICA SMITH BILLINGSLEA 9
LEROY TUCKER 10
EMORY WARE 11

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CRIMINAL INDICTMENT

No. CR89-1 IN-a

ATTEST: A TRUE COPY
CERTIFIED THIS

MAY 2 - 2005

Luther D. Thomas, Clerk

By: _____
Deputy Clerk

THE GRAND JURY CHARGES:

## COUNT ONE

On or about January 1, 1985, and continuously thereafter, up to and including the date of the return of this indictment, in the Northern District of Georgia, the Defendant,

### FRED LEE DAVIDSON

knowingly, willfully, and intentionally did engage in a continuing criminal enterprise, in that he violated Title 21, **United States Code**, Sections 841 and 846, by doing, causing, facilitating, and aiding and abetting the possession with intent to distribute, and distribution of cocaine as alleged in, but not limited to, Counts Two, Three, Four, Five, Six, and Seven which are incorporated herein by reference, and which violations were a part of a continuing series of violations undertaken by the Defendant, **FRED LEE DAVIDSON**, in concert with at least five other

persons with respect to whom the Defendant, occupied a position of organizer, a supervisory position, and any other position of management, and from which the Defendant obtained substantial income and resources.

All in violation of Title 21, <u>United States Code</u>, Section 848.

## COUNT TWO

That from on or about November 1, 1985, until on or about September 30, 1987, in the Northern District of Georgia and elsewhere, the Defendants

FRED LEE DAVIDSON
SANTIAGO GUTIERREZ
LEROY TUCKER
EMORY WARE
WILLIE JOE TUCKER

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with one another to commit offenses against the United States of America, to wit:    to violate Title 21, <u>United States Code</u>, Section 841(a)(1), that is to knowingly and willfully possess with the intent to distribute a quantity of cocaine hydrochloride, a Schedule II narcotic substance, in violation of Title 21, <u>United States Code</u>, Section 846.

## COUNT THREE

That, from on or about November 1, 1987, until on or about November 11, 1987, in the Northern District of Georgia and elsewhere, the Defendants

FRED LEE DAVIDSON
LEROY TUCKER

and Bobby Palmer (not named in this indictment) did knowingly and willfully combine, conspire, confederate, agree and have a tacit

understanding with one another to commit offenses against the United States of America, to wit: to violate Title 21, United States Code, Section 841(a)(1), that is to knowingly and willfully possess with the intent to distribute approximately one kilogram of cocaine hydrochloride, a Schedule II narcotic substance, in violation of Title 21, United States Code, Section 846.

### COUNT FOUR

That, from on or about May 10, 1988 until on or about May 19, 1988, in the Northern District of Georgia and elsewhere, the Defendants

FRED LEE DAVIDSON
EMORY WARE

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with one another to commit offenses against the United States of America, to wit: to violate Title 21, United States Code, Section 841(a)(1), that is to knowingly and willfully possess with the intent to distribute two and one-half kilograms of cocaine hydrochloride, a Schedule II narcotic substance, in violation of Title 21, United States Code, Section 846.

### COUNT FIVE

That from on or about October 10, 1988 until on or about October 17, 1988, in the Northern District of Georgia and elsewhere, the Defendants

FRED LEE DAVIDSON
WILLIE JOE TUCKER
MAURICA SMITH BILLINGSLEA
LEROY TUCKER
SANTIAGO GUTIERREZ

3

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with one another to commit offenses against the United States of America, to wit: to violate Title 21, United States Code, Section 841(a)(1), that is to knowingly and willfully possess with the intent to distribute approximately three kilograms of cocaine hydrochloride, a Schedule II narcotic substance, in violation of Title 21, United States Code, Section 846.

### COUNT SIX

That, on or about October 15, 1988, in the Northern District of Georgia, the Defendants

**FRED LEE DAVIDSON**
**WILLIE JOE TUCKER**
**MAURICA SMITH BILLINGSLEA**
**LEROY TUCKER**
**SANTIAGO GUTIERREZ**

did unlawfully possess with intent to distribute approximately three kilograms of cocaine hydrochloride, a Schedule II narcotic substance, in violation of Title 21, United States Code, Section 841.

### COUNT SEVEN

That from on or about January 20, 1989 until on or about January 27, 1989, in the Northern District of Georgia and elsewhere, the Defendants

**FRED LEE DAVIDSON**
**WILLIE JOE TUCKER**
**SANTIAGO GUTIERREZ**
**ROBERT L. HUBBARD**
**ALTON SCROGGINS**
**JOHNNY LOUIS JOHNSON**
**MELBA ROBERTS**
**BRADFORD ALLEN WESTON**

4

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with one another to commit offenses against the United States of America, to wit: to violate Title 21, United States Code, Section 841(a)(1), that is to knowingly and willfully possess with the intent to distribute approximately four kilograms of cocaine hydrochloride, a Schedule II narcotic substance, in violation of Title 21, United States Code, Section 846.

### COUNT EIGHT

That, on or about May 18, 1989, in the Northern District of Georgia, the Defendant

### ALTON SCROGGINS

did unlawfully distribute approximately one ounce of cocaine hydrochloride, a Schedule II narcotic substance, in violation of Title 21, United States Code, Section 841.

### COUNT NINE

That from on or about February 1, 1987, until the date of the return of this indictment, in the Northern District of Georgia and elsewhere, the Defendants

### FRED LEE DAVIDSON
### ROBERT L. HUBBARD

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with one another to commit offenses against the United States of America, to wit:

(a)   To defraud the Internal Revenue Service, an agency of the United States, by impairing, obstructing, and defeating its authorized function of collecting data and reports and for the

purpose of detecting and investigating violations of criminal laws; including violations of Title 26, **United States Code**, Section 7201 (Income Tax Evasion) and Title 31, **United States Code**, Section 5313 (Currency Transactions in Excess of $10,000.00).

(b)    To knowingly and willfully conduct and attempt to conduct financial transactions with property which represents the proceeds of illegal drug transactions knowing that the transaction is designed to conceal and disguise the nature, the location, the source, the ownership, and the proceeds of illegal drug transactions in violation of Title 18, **United States Code**, Section 1956.

### OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the following overt acts were committed in the Northern District of Georgia and elsewhere.

1.    On or about June 17, 1987, FRED LEE DAVIDSON and ROBERT L. HUBBARD made application with Brunswick Corporation to purchase bowling materials for the improvement of 2251-53 East 95th Street, Chicago, Illinois, to be known as "Hubbard Bowling Lanes."

2.    On or about July 17, 1987, FRED LEE DAVIDSON and ROBERT L. HUBBARD filed articles of incorporation for Hubbard-Davidson, Inc., in Chicago, Illinois.

3.    During the Fall of 1987, FRED LEE DAVIDSON caused Bobby Palmer to transport $60,000.00 in cash from LaGrange, Georgia to Chicago, Illinois.

4.   During 1987, FRED LEE DAVIDSON caused cocaine to be delivered to ROBERT L. HUBBARD in Chicago, Illinois.

## COUNT TEN

During the calendar year 1986,

### FRED LEE DAVIDSON

Defendant herein, a resident of LaGrange, Georgia, had and received a substantial taxable income in excess of $119,000.00; that upon said taxable income he owed to the United States of America substantial income taxes in excess of $24,000.00; that he was required by law on or before April 15, 1987, to make an income tax return to the Internal Revenue Service, and to pay such income tax; that well knowing the foregoing facts,

### FRED LEE DAVIDSON

on or about April 15, 1987, in the Northern District of Georgia, did willfully and knowingly attempt to evade and defeat the income taxes due and owing by him to the United States of America for 1986 by failing to make an income tax return to the Internal Revenue Service; by failing to pay to the Internal Revenue Service any income taxes; by using extensive amounts of currency to purchase assets; by failing to maintain normal business records; and by making false statements to special agents of the Internal Revenue Service in an effort to conceal from officers of the United States his correct taxable income.

In violation of Title 26, United States Code, Section 7201.

7

## COUNT ELEVEN

During the calendar year 1987,

### FRED LEE DAVIDSON

Defendant herein, a resident of LaGrange, Georgia, had and received a substantial taxable income in excess of $270,000.00; that upon said taxable income he owed to the United States of America substantial income taxes in excess of $99,000.00; that he was required by law on or before April 15, 1988, to make an income tax return to the Internal Revenue Service, and to pay such income tax; that well knowing the foregoing facts,

### FRED LEE DAVIDSON

on or about April 15, 1988, in the Northern District of Georgia, did willfully and knowingly attempt to evade and defeat the income taxes due and owing by him to the United States of America for 1987 by failing to make an income tax return to the Internal Revenue Service; by failing to pay to the Internal Revenue Service any income taxes; by using extensive amounts of currency to purchase assets; by failing to maintain normal business records; and by making false statements to special agents of the Internal Revenue Service in an effort to conceal from officers of the United States his correct taxable income.

In violation of Title 26, United States Code, Section 7201.

## FORFEITURE PROVISIONS

1.  This indictment charges Defendants,

### FRED LEE DAVIDSON
### ALTON SCROGGINS
### BRAD WESTON

with a violation of Title 21, United States Code, Section 846,

upon conviction of a violation of this law, such convicted Defendants shall forfeit to the United States:  (1) Any property constituting or derived from any proceeds the person obtained, directly or indirectly, as the result of such violations; and (2) any other person's property used or intended to be used, in any manner or part to commit or to facilitate the commission of such violations; pursuant to Title 21, **United States Code**, Section 853.

2.   Such forfeitures shall include, but are not limited to the following:

(a)  All real property further described as follows:

(1)  The property, including the house and land located at 1001 A & B Davidson Street, West Point, Georgia, more specifically described as:

> **Parcel I**:  All that tract or parcel of land lying and being in the City of West Point, Troup County, Georgia on the East side of the Chattahoochee River known as Lot No. 11, in Block A, as per plat recorded in Deed Book 9, Page 650, Troup County Records, said lot being 41 feet on Avenue B and running back 60 feet toward 6th Street.

> **Parcel II**:  BEGIN at the point of intersection of the North margin of the Pine Mountain Road and the Harris County Line in the City of West Point in Troup County, Georgia; thence in a westerly direction along the North margin of Pine Mountain Road for 20 feet, more or less, to the South corner of Lot 9 of the Cleveland Addition as shown by plat of survey recorded in Deed Book 9, Page 650, records of Troup County, Georgia; thence in a northeasterly direction along the South margin of Cleveland Addition for 79 feet to the middle of Lot 10, Block "A" for a point of beginning.  FROM THE POINT OF BEGINNING, continue in a northeasterly direction along the South margin of Lot 10 for 30 feet to the Southeast corner of Lot 10; thence in a northwesterly direction along the East Margin of Lot 10 for 140 feet to the South margin of Lot 7, thence in a southwesterly direction along the South margin of Lot 7 for 30 feet to the middle of Lot 10; thence in a southeasterly direction through the middle of Lot 10 for 140 feet to the point of beginning.

(1)   <u>PARCEL II</u> (Continued):

The above described parcel is the East half of Lot 10, Block "A," Cleveland Addition to the City of West Point, Georgia, as shown by subdivision plat recorded in Deed Book 9, Page 650, records of Troup County, Georgia.

(2)   The vacant land on Cherry Drive, Chambers County, Alabama, more specifically described as:

<u>PARCEL A</u>:   Begin at an iron pin being in the northeast corner of Section 27, Township 22 North, Range 28 East, Lanett, Chambers County, Alabama for a corner and the starting point of said parcel herein described; from this STARTING POINT thence S01°55'W for 918.9 feet to an iron pin located on the northerly margin of Cherry Drive for a corner; thence S86°27'W along said northerly margin for 170.8 feet to an iron pin for a corner; thence N01°01'E for 170.1 feet to the starting point.   Containing 3.63 acres.

<u>PARCEL B</u>:   Begin at an iron pin being the northeast corner of Section 27, Township 22 North, Range 28 East, Lanett, Chambers County, Alabama and thence N86°01'W along the northerly margin of said Section 27 for 230.1 feet to an iron pin for a corner and the starting point of said parcel herein described; from this STARTING POINT thence S01°55'W for 949.2 feet to an iron pin on the northerly margin of Cherry Drive for a corner; thence S85°53'W along said northerly margin for 454.7 feet to an iron pin for a corner; thence N08°01'W for 1035.8 feet to an iron pin on the northerly margin of said Section 27 for a corner; thence S85°55'E along said northerly margin for 631.7 feet to the starting point.   Containing 12.26 acres.

(3)   The property, including the house and land located at 1203 Northview Drive, West Point, Georgia, more specifically described as:

Lot 2, Block C of FIRST ADDITION TO EASTWOOD ESTATES as shown by plat of survey made by Grady A. Fuller, Land Surveyor, dated June 6, 1977, and recorded in Map Book 20, at Pages 382-383 in the Office of the Clerk of Superior Court, Troup County, Georgia.

Provided, however, that the above described property is subject to certain provisions, covenants and restrictions set out and declared to be covenants running with the land in that certain instrument dated August 15, 1977, and recorded in Book 336, Page 617, in the Office of the Clerk of Superior Court, Troup

(3)    (Continued):

County, Georgia; said protective covenants are hereby incorporated herein by reference as fully and completely as if fully set out and described.

This being the same property conveyed to Dunn Enterprises, Inc., by deed dated May 2, 1978, of record in Deed Book 346, Page 891, Troup County, Georgia, records.

(4)    The property, including the house and land located at    400 East 10th Street, West Point, Georgia, more specifically described as:

Commencing at the intersection of East 10th Street and Avenue D on the South margin of East 10th Street and the East margin of Avenue D, for a point of beginning; thence South along the East margin of Avenue D for a distance of 100 feet; thence with an angle of 90° left for a distance of 70 feet; thence with an interior angle of 90° left for a distance of 100 feet to the South margin of East 10th Street; thence West along the South margin of East 10th Street for 70 feet to the East margin of Avenue D, also the point of beginning. The above is part of the Mrs. Fossett lot, located on East 10th Street and Avenue D, in the City of West Point, Georgia.    Driveway on the South side to be used jointly by adjoining property owners.

(5)    The property, including the house and land located at    1003 East 7th Street, West Point, Georgia, more specifically described as:

A certain city lot, with all improvements thereon, located on the East side of the Chattahoochee River in the City of West Point, Troup County, Georgia, on the North side of East Seventh Street, and more specifically described as follows:

All of the property owned by Hal Smith in Lot 29, located between East Eight Street on the North, Avenue K on the East, East Seventh Street on the South and Avenue J on the West and specifically a lot, with improvements thereon, fronting fifty feet, more or less, on the North side of East Seventh Street, running back North 198 feet, more or less, and bounded North by property of Dave Thomas, East by property of Arthur Holstun and Methodist Church; South by East Seventh Street, and West by Avenue J.

11

(6)   The eleven acres of land located at Highway 29, LaGrange, Georgia, more specifically described as:

> All that tract or parcel of land lying and being in Land Lot 214 of the Fifth Land District, Troup County, Georgia being known and designated as Lots 6C and 6D as shown on a plat of survey prepared by J. Hugh Camp & Associates as recorded in the Office of the Clerk of Superior Court of Troup County, Georgia at Plat Book 24, Page 176, which plat is by this reference incorporated herein for a more complete and accurate description.
>
> Tract C is subject to the access drive in favor of P.W. Williams.

(7)   The property, including the house and land located at 600 Apple Street, West Point, Georgia, more specifically described as:

> Lots 1,2,3,4, and 5 located in Block 2 as shown on plat marked Plat of Subdivision No. 2 for Colored People of O.G. Skinner property, revised and superseding Plat No. 1, said plat No. 2 being dated September 1948, and recorded in Plat Book No. 1, Page 30, at the County Courthouse, Hamilton, Georgia.  This property being located in Land Lot 278, Fifth District, State of Georgia.

(8)   The property, including the house and land located at 401 Avenue N, West Point, Georgia, more specifically described as:

> All that tract or parcel of land, lying and being in the City of West Point, Troup County, Georgia, and more particularly described as follows:   Begin at the Northwest corner of Avenue N and Davidson Street, thence run S88°00'W a distance of 181 feet along the North side of Davidson Street to an iron pin corner; thence N02°09'W a distance of 89.0 feet to an iron pin; thence N88°45' a distance of 181 feet to an iron pin situated on the west margin of Avenue N; thence S01°15'W and along the west margin of Avenue N for a distance of 87.7 feet and the point of beginning.
>
> A plat of the above described property is recorded in Deed Book 268, Page 88 in the records of Troup County, Georgia; and is incorporated herein by reference.

(9)    The property, including the house and land located at on Pittman Street, West Point, Georgia, more specifically described as:

> All that parcel of land lying and being in the City of West Point, Troup County, Georgia, described as Lots 1,2,3,4,5, and 6 of Block B of PITTMAN STREET SUBDIVISION as shown by subdivision plat made by Grady A. Fuller, dated April 16, 1978, and recorded in Map Book 20, Page 25, records of Troup County, Georgia. Said subdivision being a subdivision in a part of the property owned by the City of West Point, Georgia.

(10)    The property and land located at Lot on N 11th Avenue, Chambers County, Alabama, more specifically described as:

> Begin at the Northwest Corner of Section 25, Township 22 North, Range 28 East, Chambers County, Alabama; thence, S02°00'E along the section line between Section 25 and Section 26 for 706.0 feet to a point; thence 90° to the left for 40.0 feet to an iron pin for a corner; thence N88°48'E for 176.0 feet to an iron pin located on the west margin of North 10th Avenue for a corner and starting point of the parcel herein described; thence S02°00'E along the west margin of said North 10th Avenue for 82.0 feet to an iron pin for a corner; thence S88°48'W for 176.0 feet to an iron pin located on the east margin of North 11th Avenue, for a corner; thence N02°00'W and along said North 11th Avenue for 82.0 feet to an iron pin for a corner; thence N88°48'E for 176.0 feet to an iron pin and the starting point.
>
> Said property is further described as Lot 3 and Lot 4 as shown on a plat dated February 14, 1972, and prepared by Grady A. Fuller, L.S., which plat is attached hereto and incorporated herein by reference. This being a party of the property described in Warranty Deed from Lula Whitlow, a widow to Lula Mae Menifield, dated November 24, 1965, and recorded in Deed Book 183, Page 626 in the records of Chambers County, Alabama.

(11)   The property, including the convenience store and land located at 515 Hamilton Road, LaGrange, Georgia, more specifically described as:

All that tract or parcel of land lying and being in LaGrange, Troup County, Georgia, and described as follows:   Beginning at an iron pin found marking the southeast corner of the intersection of Brown Street and Hamilton Road (U.S. Highway No. 27), run thence along the eastern margin of Hamilton Road S13°51'35"E 30.11 feet to an iron pin found; continue along the eastern margin of Hamilton Road S12°31'00"E 81.05 feet to an iron pin set; continue along the eastern margin of Hamilton Road S11°35'20"E 34.61 feet to an iron pin set marking the northeast corner of the intersection of Hamilton Road and Colquitt Street; run thence along the northeastern margin of Colquitt Street S51°12'40"E 100.15 feet to an iron pin set; continue along the margin of Colquitt Street S54°07'56"E 86.56 feet to an iron pin found; run thence along the property of LaGrange Board of Education (along a fence line) N00°43'00"E 283.15 feet to an iron pin found on the south margin of Brown Street; run thence westerly along the south margin of Brown Street S83°14'00"W 106.80 feet to an iron pin set; continue thence along the south margin of Brown Street S79°12'55"W 78.70 feet to the POINT OF BEGINNING.

The above described property represents a survey of all of lots 2,3,4 and a part of lots 5 and 6 as per plat of the subdivision of the property of the City of LaGrange, recorded in Plat Book 8, Pg 138, Troup County Records.

Copy of this plat is recorded is Plat Book 11, Pg 170, Troup County Records.

(12)   The property, including the buildings and land located at 1701 Eastwood Lane, West point, Georgia, more specifically described as:

All that tract or parcel of land lying and being in Troup County, Georgia, known as Lot No. 1 in Block B of Eastwood Estates Subdivision as shown by plat of survey made by Grady A. Fuller, Land Surveyor, dated October 7, 1968, and recorded in Map Book 10 at Pgs 83-84 in the Office of the Clerk of Superior Court, Troup County, Georgia.

Provided, however, that the above described property is subject to certain provisions, covenants and restrictions set out and declared to be covenants

14

(12)    (Continued)

running with the land, in that certain instrument dated October 7, 1968, and recorded in Book 223, Pg 203 in the Office of the Clerk of Superior Court, Troup County, Georgia; said protective covenants are hereby incorporated herein by reference as fully and completely as if fully set out and described.

(13)    The property, including the buildings and land located at 1008 Avenue G, West Point, Georgia, more particularly described as:

All that parcel of land described as Lot No. 1 of City of West Point Urban Renewal Block No. 41 Subdivision as shown by subdivision plat made by Henry C. Hawkins, II, dated April 2, 1981, and recorded in Map Book 20-B, Pg 8, records of Troup County, Georgia.  Said subdivision being a subdivision in a part of the property owned by the City of West Point, Georgia.

Said property is conveyed subject to an easement for sewer line as shown on the subdivision plat referred to above.

(14)    The property, including the buildings and land located at 1007 Avenue H, West Point, Georgia, more particularly described as:

All that parcel of land described as Lot No. 6 of City of West Point Urban Renewal Block No. 41 Subdivision as shown by subdivision plat made by Henry C. Hawkins, II, dated April 2, 1981, and recorded in Map Book 20-B, Pg 8, records of Troup County, Georgia.  Said subdivision being a subdivision in a part of the property owned by the City of West Point, Georgia.

Said property is conveyed subject to an easement for sewer line as shown on the subdivision plat referred to above.

(15)    The property, including the buildings and land located at 3023 18th Avenue, S.W., Lanett, Alabama, more specifically described as:

Begin at the southeast corner of the northwest one-quarter of Section No. 2, T21N, R28E, Chambers County, Alabama and thence S86°04'W along the one-half section

15

(15)   (Continued)

line for 424.3 feet to an iron pin for a point; thence
N02°31'W for 467.7 feet to an iron pin located on the
southerly margin of Pinecrest Drive for a point; thence
N85°23'E for 103.65 feet to an iron pin located on the
northerly margin of said Pinecrest Drive for a point;
thence N02°15'W for 274.9 feet to an iron pin for a
corner and the beginning point of said parcel to be
described; from this POINT OF BEGINNING thence N02°19'W
for 150.0 feet to an iron pin for a corner; thence
N87°43'E for 128.1 feet to an iron pin for a corner;
thence S87°41'W for 127.8 feet to the beginning point.
The above described parcel is located in the northwest
one-quarter of Section 2, T21N, R28E, Chambers County,
Alabama, and contains 0.44 acres, according to a survey
dated July 16, 1986, by James A. Hawkins, AL. Reg. No.
13662, a copy of which is attached hereto and made a
part hereof.

(16)   The property, including the buildings and land
located at 100 Arrowhead Drive, West Point, Georgia, more
specifically described as:

Lot 1 in Block C of Indian Hills Subdivision, West
Point, Troup County, Georgia, as shown by plat of
survey prepared by Clarence J. White, Engr, dated
February 25, 1952, and recorded in Plat Book No. 2, Pgs
301-302 in the Office of the Clerk of Superior Court,
Troup County, Georgia, said subdivision being in Land
Lots 276 and 277 of the 5th Land District of Troup
County, Georgia.

Provided, however, that the above described property is
subject to certain provisions, covenants and
restrictions set out and declared to be covenants
running with the land in that certain instrument dated
May 10, 1955, and recorded in Book 98, Page 448 in the
Office of the Clerk of Superior Court, Troup County,
Georgia; said protective covenant are hereby
incorporated herein by reference as fully and
completely as if fully set out and described.

(17)   The property, including the buildings and land
located at 821 A&B E. 6th Street, West Point, Georgia, more
specifically described as:

BEGIN at the point of intersection of the north margin
of Davidson Street and the northeast margin of East
Sixth in the City of West Point in Troup County,

16

(17)   (Continued)

Georgia for a point of beginning.  FROM THIS POINT OF BEGINNING, thence N51°45'W along the northeast margin of East Sixth Street for 35.0 feet to an iron pin for a corner; thence N36°59'E for 125.0 feet to an iron pin for a corner; thence N00°17'E for 20.0 feet to an iron pin for a corner; thence N88°00'E for 30.0 feet to an iron pin for a corner, said point being located on the North South center line of Lot 9, Block "A", Cleveland Addition; thence S00°17'E for 140.00 feet to the north margin of Davidson Street; thence S88°00'W along the north margin of Davidson Street for 79.0 feet to the original beginning point.

The above described parcel consists of the Southeast portion of Lot 9 and the West Half of Lot 10, Block "A", Cleveland Addition to the City of West Point, Georgia and is located in the City of West Point, Troup County, Georgia.

The above described property is shown by plat of survey made by Grady A. Fuller, Engineer, dated September 3, 1974, a copy of which is incorporated herein by reference.

This being a portion of the property conveyed to Wayne L. West by deed dated October 21, 1975, of record in Deed Vol. 314, Pg 329, in the Office of the Clerk of Superior Court, Troup County, Georgia.

(18)   The property, including the buildings and land located at 806 East Ninth Street, West Point, Georgia, more specifically described as:

One lot fronting 49.5 feet on the south margin of East Ninth Street in the City of West Point, Troup County, Georgia, more fully described as follows, to wit: BEGIN at an iron pin located at the intersection of the west margin of Avenue "I" and the south margin of East Ninth Street; thence measure in a westerly direction along the south margin of East Ninth Street 49.5 feet to an iron pin for a corner and starting point of the lot to be described; thence 90° to left for 125.0 feet to iron pin for a corner; thence 90° to the right for 49.25 feet to an iron pin for a corner; thence 90° to the right for 125.0 feet to an iron pin for a corner located on the south margin of East Ninth Street; thence 90° to the right and along the south margin of East Ninth Street 49.5 feet to an iron pin for a corner and starting point.

(18)   (Continued)

The above described lot being located in the northeast one-quarter of Block 24 according to an official map of the City of West Point, Georgia.

The above described property is the same as conveyed by Warranty Deed from Ross Hodo to Ollie Wortham, dated June 30, 1952, and recorded February 19, 1953, in Deed Book 91, Pg 263, in the Office of the Clerk of Superior Court, Troup County, Georgia.

(19)   The property, including the buildings and land located at 824 Avenue H, West Point, Georgia, more specifically described as:

All that certain tract or parcel of land lying and being in the City of West Point, Troup County, Georgia and being more particularly described as follows: Begin at an iron pin found at the northwest corner of Block 24, as shown on the official map of the City of West Point, Georgia, for the point of beginning of the parcel herein described. FROM THIS POINT OF BEGINNING, run S76°30'E for a distance of 99.0 feet to an iron pin for a corner; thence run S13°30'W for a distance of 250.0 feet to an iron pin for a corner; thence run N76°30'W for a distance of 99.0 feet to an iron pin located on the easterly margin of Avenue "H" for a corner; thence run N13°30'E for a distance of 250.0 feet to an iron pin for the ending point of the parcel herein described which is also the point of beginning.

The above described property contains .57 acres, more or less, and is the westerly one-half of Block 24 according to the official map of the City of West Point, Troup County, Georgia, and lies east of the Chattahoochee River. This being the same property conveyed to Ola P. Scott and Eulus Dismuke by Warranty Deed dated October 4, 1961, and recorded in Deed Book 149, Pg 577, in the Office of the Clerk of Superior Court of Troup County, Georgia. This also being the same property conveyed to Annie L. Fannings and Susie Mae Whitaker by Executrix Deed dated November 17, 1986, and recorded in Deed Book 476, Pg 537, in the Office of the Clerk of Superior Court, Troup County, Georgia.

A plat of the above described property prepared by Henry C. Hawkins, III, Georgia Restered No. 2144, dated October 15, 1986, is attached hereto and incorporated herein.

18

(20)   The property, including the buildings and land located at 507 East 9th Street, West Point, Georgia, more specifically described as:

> All of Lot 10 in Block 16 on the east side of the Chattahoochee River in the City of West Point, Georgia, fronting South on East Ninth Street 53 feet, more or less, and extending back North 125 feet, more or less, bounded on the North by land now or formerly owned by Fulton, on the East by an alley, on the South by said East Ninth Street, and on the West by lands now or formerly belonging to Edgar Wright. This is the same property described in a Deed, dated March 8, 1937, recorded in Deed Book 40, Pg 344, Troup County Records in the Office of the Clerk of Superior Court, Troup County, Georgia.

(21)   <u>PARCEL I</u>:   The property, including the beauty shop and land located at 301 West 8th Street, West Point, Georgia, more specifically described as:

> All that lot or parcel of land lying and being on the West side of the Chattahoochee River in the City of West Point, Troup County, Georgia, known and distinguished in the plan of said City as Parts of Lots 1 and 11 in Block 7 on the southwest intersection of formerly Montgomery and Railroad Streets, now West Eighth Street and Second Avenue, fronting 30 feet on the south side by Montgomery and 80 feet on Railroad Street, reserving to the present or any future owner of the lot whereon the former Grand Central Hotel was burned, the perpetual right of ingress and egress and use of a staircase on the north side of said lot, being the property conveyed by H.W. Dallas, Sr., Executor of the Estate of Mrs. Naomi Huguley to Heyman & Merz by deed dated February 3, 1881, and recorded in Book T, Pg 552, or 662, February 4, 1881, in the records of the Clerk of the Court of Superior Court, Troup County, Georgia.

<u>PARCEL II</u>:   The property, including the house and land located at 303 West 8th Street, West Point, Georgia, more specifically described as:

> All that tract or parcel of land lying and being in the City of West Point, Georgia, Troup County, more particularly described as follows: Situate, lying and being on the west side of the Chattahoochee River in

19

(21)  <u>PARCEL II</u> (Continued):

the City of West Point, Troup County, Georgia, known and distinguished in the plan of said City as parts of Lots 1 and 11 in Block 7, front 20 feet on Montgomery Street and running back 82 feet, it being the first lot next west of the lot whereon formerly stood the Ladies' Store, and extending west to the center of the wall as it then stood, and then next West, and extending south the same distance as the vacant lot heretofore purchased and formerly owned by Heyman & Merz, being the same property conveyed by H.W. Dallas, Sr., as Executor of the estate of Mrs. Naomi Huguley, by deed April 16, 1881, to Heyman & Merz.

Said two above parcels of land being now in effect one tract of land, fronting 50 feet on formerly Montgomery, now West Eight Street, and having thereon a two story brick building.

This being the same property conveyed to John A. Whitley by deed recorded in Deed Book 194, Pg 154, in the Office of the Clerk of Superior Court, Troup County, Georgia.

(22)  The property, including the house and land located at 315 South 4th Avenue, Lanett, Alabama, more specifically described as:

Lot Number 8, in Block 39, of the Lanett Mill Village property as shown by plat prepared by Clarence J. 6. (Continued)

White, Jr., recorded in Map Book 3, Pgs 10-17, in the Office of the Judge of Probate of Chambers County, Alabama. This being the same property conveyed to Mavis R. McCollum by deed recorded in Deed Volume 184, Pg 611, in the Office of the Judge of Probate of Chambers County, Alabama.

Subject to those certain restrictions more particularly described and set out in that certain deed from the West Point Manufacturing Company, to Allen C. Andrews and Alberta T. Andrews, executed March 6, 1962, and filed for record in the Office of the Judge of Probate of Chambers County, Alabama.

(22)  (Continued)

This being the same property conveyed to Willie H. Oliver and wife, Mary Jewel W. Oliver, by deed dated May 17, 1973, of record in Deed Volume 194, Pg 738, in the Office of the Judge of Probate of Chambers County, Alabama.

A _____ TRUE _____ BILL

_____
FOREPERSON

ROBERT L. BARR, JR.
UNITED STATES ATTORNEY

CRAIG A. GILLEN
LEAD ATTORNEY, N.D. OF GA
SOUTHEASTERN DRUG TASK FORCE
NORTHERN DISTRICT OF GEORGIA